IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **MIDWAY OILFIELD** | § | Case No. 18-34567-H1 |
| **CONSTRUCTORS, INC.,** | § | Chapter 11 |
| Debtor. | § | |

**EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR AUTHORITY TO PAY PRE-PETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS**

<u>**NOTICE PURSUANT TO BANKRUPTCY LOCAL RULE 9013(b)**</u>

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 23, 2018, BEFORE THE HONORABLE DAVID JONES AT 2:15 P.M. IN COURTROOM 400, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**EMERGENCY RELIEF HAS BEEN REQUESTED, IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER, IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable David R. Jones,
United States Bankruptcy Judge**:

COMES NOW, Midway Oilfield Constructors, Inc., debtor-in-possession ("Debtor"), and files this *Emergency Motion Pursuant to 11 U.S.C. §§ 105(a)( and 363(b) For Authority to Pay Pre-Petition Wages, Compensation, and Employee Benefits* and, in support thereof, would respectfully show as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a). The statutory predicate for the relief requested is 11 U.S. C. §§ 105(a) and 363(b).

## BACKGROUND

2.      On August 15, 2018, ("Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its property as a debtor-in-possession. No trustee or examiner has been appointed, and no official committee of unsecured creditors has yet been formed.

3.      The Debtor owns and operates a business providing construction services to the upstream, midstream, and downstream sectors of the oil and gas industry.  Based out of Midway, Texas, the Debtor provides services across the State of Texas and Oklahoma.  The Debtor has two primary segments of its business.  The first segment focuses on pipeline, facility, and well-site construction, modification, and maintenance as well as well-site services, facility construction. This includes new pipeline construction and maintenance, pipe and structural fabrication, blasting and painting, pipeline right of way mowing and reclamation, plant and pipeline operations and management, well connection and tank battery installation, pit closures and land farming, sandblasting and coatings installer.  The second segment focuses on providing vacuum trucks, cleaning services, drilling fluids transportation, production and flowback water hauling, and saltwater disposals for clients including Apache Corporation, Halcon Resources, and Cabot Oil.

4.      Several recent factors including the 2009 downturn in the oil and gas industries and the industry's subsequent recovery efforts, customer disputes resulting in refusal or slow payment and increased costs, as well as over extension of credit have had material adverse effects on the Debtors' financial condition. The most significant impact has been Debtor's inability to service mounting debt obligations and other trade payable obligations has resulted in a severe cash-flow shortage, although several valuable projects are currently in progress and out for bid. Through this Bankruptcy Case, the Debtor seeks protection and enforcement of the automatic stay with respect to the Debtor's assets while the Debtors seek alternative sources of funding pending a restructuring of its business operations which may include, but are not limited to, payroll reduction and refocusing operations on the most profitable business segments.

## PRE-PETITION OBLIGATIONS OWED TO EMPLOYEES

5.      Prior to the commencement of this case, the Debtor had 172 full time employees. The Debtor seeks authority to pay 113 of the full time employees who remain employed post-Petition.

6. The Debtor's regular payroll is paid weekly. Prior to the commencement of this case, the Debtor incurred payroll obligations for the 113 employees remaining on staff for the payroll week ending August 12, 2018 ("Pre-Petition Payroll Period") in the amount of $146,777.37. This payroll was payable August 14, 2018. This case was commenced on August 15, 2018.

7. All of the obligations for which the Debtor seeks authorization to pay were earned by individuals employed by the Debtor and are for services rendered within the two weeks prior to the commencement of this case. The obligations are for wages and payroll taxes and fees based on the wages earned.

## BASIS FOR RELIEF

8. As a result of the commencement of this case, and in the absence of an Order of the Court providing otherwise, Debtor will be prohibited from paying or otherwise satisfying all the obligations incurred during the Pre-Petition Payroll Period.

9. Accordingly, pursuant to 11 U.S.C. §§ 105(a) and 363(b) and the "necessity of payment" doctrine, Debtor seeks authority: (a) to pay the obligations incurred in the Pre-Petition Payroll Period (b) to continue its practices, programs, and policies with respect to the Pre-Petition Payroll Period, as such practices, programs, and policies were in effect as of the Petition Date, including allowing employees to use vacation time accrued, but unused, as of the Petition Date.

10. Pursuant to Bankruptcy Code §§ 507(a)(4) and (a)(5), the claims of the employees for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned within one-hundred-eighty (180) days before the Petition Date and claims against Debtor for contributions to employee benefit plans arising from services rendered within the 180 days before the Petition Date, are afforded unsecured priority status to the extent of $12,475.00 per wage earner. 11 U.S.C. §§ 507(a)(4) and (a)(5). Furthermore, in the event this Court determines such payment to be outside the ordinary course of Debtor's businesses, 11 U.S.C. § 363(b)(1) provides that the "[t]rustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Bankruptcy Code § 105(a) further provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

11. The Debtor believes that the uninterrupted payment of the Debtor's payroll obligations is critical to its reorganization efforts because interrupting payment to employees would severely undermine the support and morale crucial to the Debtor's reorganization efforts.

Payment of the Pre-Petition Payroll Period obligations in accordance with the Debtor's pre-Petition business practices will enable the Debtor to continue to operate its business in an economic and efficient manner without disruption. Employees are central to the Debtor's operations and are vital to its reorganization. A significant deterioration in their morale at this critical time undoubtedly would have a devastating impact on the Debtor, the value of its assets and business, and its ability to reorganize. The total amount sought herein is relatively modest compared the size of the Debtor's estate and the importance of the retention of these employees to the reorganization of the Debtor.

12.     The Debtor believes that, because all payroll tax obligations constitute "trust fund" taxes, the payment of such taxes will not prejudice other creditors of Debtor's estates, given that the relevant taxing authorities would hold priority claims under Bankruptcy Code § 507(a)(8) in respect of such obligations. Moreover, the monies payable for trust fund taxes generally are not property of a debtor's estate. *See Begier v. Internal Revenue Serv.,* 496 U.S. 53 (1990).

13.     The Debtor further believes that that all employee-requested payroll deductions are made from amounts earned by and otherwise payable to Debtor's employees. Accordingly, continuation of such deductions will not diminish Debtor's estate or otherwise prejudice any creditors.

14.     Finally, authorization of the payment of the Pre-Petition Obligations should not be deemed to constitute post-petition assumption or adoption of any policy, plan, program, or employment agreement pursuant to 11 U.S.C. §365. The Debtor is in the process of reviewing these matters and reserves all of its rights under the Bankruptcy Code with respect thereto.

WHEREFORE, PREMISES CONSIDERED, Midway Oilfield Constructors, Inc., respectfully requests this Court enter its Order authorizing the Debtor to pay and honor Pre-Petition Payroll Period obligations owed to employees for wages and the employees' portion of payroll taxes based on such wages, earned within Pre-Petition Payroll Period and for all other relief to which it may be entitled.

Respectfully submitted,

**WALDRON & SCHNEIDER, L.L.P.**

*/s/ Kimberly A. Bartley*
Kimberly A. Bartley
SBN 24032114
15150 Middlebrook Drive
Houston, Texas 77058
kbartley@ws-law.com
Tel: (281) 488-4438 / Fax: (281) 488-4597
Proposed Counsel for Debtor-in-Possession

## CERTIFICATE OF SERVICE

      I hereby certify a copy of the foregoing *Emergency Motion Pursuant to 11 U.S.C. §§105(a) and 363(b) for Authority to Pay Pre-Petition Wages, Compensation, and Employee Benefits* has been served upon the attached service list via First Class Mail or the Court's Pacer System on the 22nd day of August, 2018.

                                      */s/ Kimberly A. Bartley*
                                      Kimberly A. Bartley