IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>**MIDWAY OILFIELD CONSTRUCTORS, INC.**<br><br>Debtor. | § Chapter 11<br>§<br>§ Case No. 18-34567<br>§<br>§<br>§<br>§ |

**DEBTOR'S OBJECTION TO ADMINISTRATIVE CLAIM NO. 262 FILED BY**
**JEB LEASE SERVICE, INC. D/B/A J&B PROPANE**

---

**NOTICE PURSUANT TO LOCAL RULE 3007-1**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING. A HEARING HAS BEEN SET ON THIS MATTER ON FEBRUARY 28, 2020 AT 10 A.M. IN COURTROOM 404, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

---

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Comes now Midway Oilfield Constructors, Inc. ("**Midway**") debtor and debtor-in-possession and files this *Objection to Administrative Claim of Jeb Lease Service, Inc. d/b/a J&B Propane* and in support thereof, represents as follows:

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Objection are sections 502, 503(b) and 507(a) of title 11 of the United States Code (the "**Bankruptcy Code**"),

## BACKGROUND

**A.     General Case Background**

4.     Midway Oilfield Constructors, Inc. filed its bankruptcy case on August 15, 2018 (the "**Petition Date**"), under chapter 11 of the Bankruptcy Code.

5.     Midway filed a voluntary petition under chapter 11 of the Bankruptcy Code on August 15, 2018.  A chief restructuring officer, Charles L. Johnson, was appointed on October 24, 2018 (the "**CRO**").  An Official Committee of Unsecured Creditors was appointed on November 14, 2018.

6.     On May 10, 2019, Midway ceased ongoing business operations.

**B.     Administrative Claims Process**

7.     On May 17, 2019, Midway filed a motion to establish an administrative claims process.  [Docket No. 307].  After the Court made modifications to the order and claim form, it entered an order approving a process for parties to file administrative claims.  [Docket No. 315]. The process required that any party, other than equipment lessors and lenders, claiming an administrative claim arising on or prior to May 10, 2019 file such claim by no later than July 8, 2019.  Equipment lessors were required to file administrative claims no later than August 13, 2019. After service of the administrative claims process order and form, numerous parties filed claims against Midway.  Midway objects to the allowance of certain of the asserted administrative claims.

**C.     Administrative Claim No. 262 filed by Jeb Lease Service, Inc. d/b/a J&B Propane**

8.     On July 8, 2019, Jeb Lease Service, Inc. d/b/a J&B Propane ("**Claimant**") filed administrative proof of claim number 262 in the amount of $17,093.45 (the "**Claim**").  A copy of the Claim is attached as **Exhibit A**.

9. Prior to the Petition Date, Claimant provided gas cylinders and gaseous materials to Midway. The Claim consists of two components–charges for alleged post-petition tank rental and charges related to lost tanks. A summary and description of the charges alleged in the Claim is listed below:

| Date | Invoice | Description | Amount | Ex. Pg. |
|---|---|---|---|---|
| 3/15/2019 | 3473 | Monthly Rental Lg Oxygen | $6.41 | 16 |
| 3/15/2019 | 3474 | Monthly Rental / Lg Argon | $6.41 | 17 |
| 3/15/2019 | 3475 | Monthly Rental 5 Oxy / 4 Acet | $48.04 | 15 |
| 3/15/2019 | 3476 | Monthly Rental 34 Lrg Oxygen / 23 Sml Acet / 1 75/25 Mix | $371.49 | 14 |
| 4/15/2019 | 63352 | Monthly Rental | $6.41 | 19 |
| 4/15/2019 | 63353 | Monthly Rental | $6.41 | 18 |
| 4/15/2019 | 63354 | Monthly Rental | $48.04 | 20 |
| 4/15/2019 | 63355 | Monthly Rental | $371.49 | 21 |
| 5/15/2019 | 64071 | Monthly Rental / Lg Oxygen | $6.41 | 11 |
| 5/15/2019 | 64072 | Monthly Rental / Lg Argon | $6.41 | 12 |
| 5/15/2019 | 64073 | Monthly Rental / 5 Oxy & 4 Acet | $48.04 | 10 |
| 5/15/2019 | 64074 | Monthly Rental / Annual Tank Rent | $64.05 | 13 |
| 5/15/2019 | 64075 | Monthly Rental / 34 Lg Oxygen & 23Sm Acet & 75/20 Mx | $371.49 | 9 |
| 5/21/2019 | 27402 | Tank Loss | $15,300.00 | 2-4 |
| 6/15/2019 | 6578 | Rent Lg Oxy | $6.41 | 7 |
| 6/15/2019 | 6579 | Rent Lg Argon | $6.41 | 8 |
| 6/15/2019 | 6580 | Rent 5 Oxy/4 Acet | $48.04 | 6 |
| 6/15/2019 | 6581 | Rent 34 Oxy / 23 Acet | $371.49 | 5 |
| | | **Total** | **$17,093.45** | |

10. As shown above, $1,793.45 of the Claim, represents alleged rental charges for 69 gas cylinders purportedly rented to Midway between March and June 2019. *See* Ex. A at 5–21. The remaining balance of the Claim, $15,300, relates to charges for the loss of 51 gas cylinders at $300 per cylinder. *See* Ex. A at 3.

11. Midway disputes that the rental charges totaling $1,793.45 are owed to Claimant. Midway's books and records do not reflect that Midway utilized the cylinders during the

{851326/00310/01381920.DOCX 2 }   3

bankruptcy case. In fact, as of the Petition Date, Midway was unable to locate most of the cylinders. Accordingly, these purported rents provided no benefit or value to Midway's estate and Midway believes all rental invoices should be disallowed in full.

12. Midway also disputes invoice 27402 in the amount of $15,300, representing the loss of 51 cylinders as an administrative expense. Midway asserts that the cylinders in question were not in its possession as of the Petition Date. Consequently, Midway believes the damages for loss of the tanks does not constitute an administrative claim and should be disallowed in its entirety.

### RELIEF REQUESTED

13. By this Objection, Midway requests that the Claim be disallowed in its entirety.

14. The Declaration of Charles L. Johnson, Chief Restructuring Officer, in support of this Objection is attached as **Exhibit B**.

### BASIS FOR RELIEF REQUESTED

15. Bankruptcy Code section 503(b)(1)(A) provides that "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). Courts have developed a two-part test to determine whether claims should be entitled to administrative priority that requires: (1) the claim to arise out of a postpetition transaction between the creditor and debtor in possession, and (2) the consideration supporting the claimant's right to payment to be both supplied and beneficial to the postpetition estate and operation of the postpetition business. *In re ATP Oil & Gas Corp.*, No. 12-36187, 2014 Bankr. LEXIS 1050, at *7-8 (Bankr. S.D. Tex. Mar. 18, 2014) (citing *In re Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984)

16. As to the first prong, allowance of an administrative expense claim is only appropriate where a debtor in possession, as opposed to the prepetition debtor, induced the performance of the creditor. *See In re Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984) (holding that "inducement of the creditor's performance by the debtor-in-possession is crucial to a claim for administrative priority in the context of the furnishing of goods or services to the debtor"). The simple fact that amounts due to a claimant came due postpetition, for an otherwise prepetition transaction, does not justify granting administrative priority status under the Bankruptcy Code. *See Valley Media, Inc.*, 279 B.R. 105, 141 (Bankr. D. Del. 2002) ("A debt is not entitled to administrative priority merely because the right to payment arises post-petition."); *see also In re Mid-Am. Waste Sys., Inc.*, 228 B.R. 816, 821 (Bankr. D. Del. 1999) (same). Rather, such claimants are, at most, entitled to assert a prepetition claim for the amounts asserted. *See In re M Group, Inc.*, 268 B.R. 896, 901 (Bankr. D. Del. 2001) (stating that courts look to when the acts giving rise to a liability took place, not when they accrued).

17. As to the second prong, only actual and necessary costs that benefited the estate and its creditors will be allowed as administrative claims. *Texas v. Lowe (In re H.L.S. Energy Co.)*, 151 F.3d 434, 437 (5th Cir. 1998); *In re Transamerican Nat. Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir 1992). Importantly, "[t]here must be a concrete, discernible benefit from actual use because a speculative benefit or the mere potential for benefit is not enough to warrant an administrative claim priority." *In re Enron Corp.*, 279 B.R. 695, 706 (Bankr. S.D.N.Y. 2002).

18. As to the rental invoices totaling $1,793.45, Midway asserts that purported rental of the tanks provided no benefit to Midway's bankruptcy estate. The tanks in question were either lost prior to the Petition Date or were unused by Midway post-petition. Accordingly, the rental charges provided no discernible benefit to the estate and should be disallowed in full.

19. As to the loss of the 51 cylinders, upon information and belief, the cylinders were not in Midway's possession as of the Petition Date. Therefore, any damages attributable to the loss was incurred by the prepetition debtor as opposed to the debtor-in-possession. Consequently, amounts purportedly due to Claimant for loss of the tanks do not constitute administrative expenses and should be disallowed in their entirety.

Wherefore, Midway requests that the Claim be disallowed in its entirety and grant such other and further relief to which it may be entitled.

DATED: January 24, 2020

Respectfully submitted,

HOOVER SLOVACEK LLP

By: */s/ Vianey Garza*
VIANEY GARZA
State Bar No. 24083057
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395
garza@hooverslovacek.com

**OF COUNSEL:**
HOOVER SLOVACEK LLP
Melissa A. Haselden
State Bar No. 00794778
haselden@hooverslovacek.com

*Attorneys for Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

      I certify that on January 24, 2020 a copy of the foregoing *Objection to Administrative Claim No. 262 Filed By Jeb Lease Service, Inc. d/b/a J&B Propane* was served to the following parties by the following means:

| **Claimant** | **United States Trustee** |
|---|---|
| Jeb Lease Service, Inc. d/b/a J&B Propane | Christine A March |
| P. O. Box 607 | christine.a.march@usdoj.gov |
| Madisonville TX, 77864 | Stephen Douglas Statham |
| | stephen.statham@usdoj.gov |
| | USTPRegion07.HU.ECF@USDOJ.GOV |

                                          */s/ Vianey Garza*
                                          VIANEY GARZA